UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKY WARE BEY,

                Plaintiff,

-against-                            22-CV-2400 (LTS)

CYNTHIA BRANN, ACTING COMMISSIONER,    ORDER
NEW YORK CITY DEPARTMENT OF
CORRECTION, et al.,

                Defendants.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Vicky Ware Bey, who is appearing *pro se*, filed a notice of removal to remove to this court an action pending in the New York Supreme Court, Kings County ("Kings County Supreme Court"). *See Bey v. Brann,* No. 518540/2019 (N.Y. Sup. Ct., Kings Cnty.).

    Although Bey has not paid the fees to remove this action, or submitted an application to proceed *in forma pauperis* ("IFP"), because the notice of removal is improper, the Court remands this action to the Kings County Supreme Court.

## STANDARD OF REVIEW

    A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537

U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal, and may do so any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper. Bey is the plaintiff in the state court action, and only a defendant can remove an action to federal court. *See* 28 U.S.C. §§ 1441(a) and 1446(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941) (removal privilege limited to defendants only). "Quite simply, a party who is in the position of a plaintiff cannot remove." *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (noting that "[e]very case to consider the question has held that defendants, and only defendants, may remove") (citation omitted).

Further, civil actions may be removed only to the federal district court embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Bey has removed this action from Kings County Supreme Court. Thus, the United States District Court for the Eastern District of New York would have been the proper federal district court for removal of this action by a party authorized to initiate removal, as that court embraces the place where the state court action is pending. *See* 28 U.S.C. § 112(c).

The Court concludes that because, this case may not be removed by the plaintiff, it should be remanded to the Kings County Supreme Court. *See Mitskovski*, 435 F.3d at 131 (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the New York Supreme Court, King County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED

Dated:  April 4, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge