UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKY WARE BEY,<br><br>                     Plaintiff,<br><br>            -against-<br><br>CYNTHIA BRANN, ACTING COMMISSIONER, NEW YORK CITY DEPARTMENT OF CORRECTION, et al.,<br><br>                     Defendants. | 22-CV-2400 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Vicky Ware Bey, who is appearing *pro se*, filed a notice of removal to remove to this court an action pending in the New York Supreme Court, Kings County ("Kings County Supreme Court"). *See Bey v. Brann,* No. 518540/2019 (N.Y. Sup. Ct., Kings Cnty.). On April 4, 2022, the Court held that removal was improper and remanded the action because: (1) Bey is the plaintiff in the state court action, and only a defendant can remove an action to federal court; and (2) the United States District Court for the Eastern District of New York would have been the proper federal district court for removal of this action by a party authorized to initiate removal, as that court embraces the place where the state court action is pending, the Kings County Supreme Court. (ECF 6.)

      That same day, Bey filed a motion seeking reconsideration of the Court's order that removal was improper. She contends that she is a "crime victim" and that Defendants have violated her rights in the state court action. (ECF 7.) Bey also requests permission for electronic case filing.

## DISCUSSION

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009). The Supreme Court of the United States has construed Section 1447(d) to insulate from appellate review those remand orders based on the grounds specified in Section 1447(c): a defect in the removal procedure and a lack of subject matter jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (citation and internal quotation marks omitted); *see also Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999) (stating that under Section 1447(d), "a district court may not review [its remand order] on a motion for reconsideration"). Once the district court certifies a remand order to the state court, "it is divested of jurisdiction and can take no further action on the case." *Miles v. Miles*, No. 12-CV-4014 (JS), 2012 WL 3542319, at *1 (E.D.N.Y. Aug. 13, 2012) (citation and internal quotation marks omitted).

Here, the Court directed the Clerk of Court to remand this action on April 4, 2022, and the matter was remanded to the Kings County Supreme Court that same day. Because this matter has already been remanded to the state court, the Court lacks jurisdiction to take any further action in this case. The Court therefore denies Bey's motion for reconsideration and for permission for electronic case filing.

## CONCLUSION

The Court denies Bey's motion for reconsideration and for permission for electronic case filing (ECF 7). All other pending matters in this case are terminated.

The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 5, 2022
        New York, New York

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           Chief United States District Judge